UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY BRIAN MALLGREN,

                    Plaintiff,

          -v.-

NEW YORK CITY, NEW YORK STATE,
UNITED STATES OF AMERICA, BRITISH
CONSULATE GENERAL, CONSULATE
GENERAL OF ITALY, CONSULATE
GENERAL OF SWITZERLAND,
CONSULATE GENERAL OF FRANCE,

                    Defendant.

24 Civ. 7441 (KPF)

**ORDER TO AMEND**

---

KATHERINE POLK FAILLA, District Judge:

The Plaintiff, who is appearing *pro se*, brings this action alleging a range of claims against Defendants, including some related to his employment with the City of New York, a period of unemployment, and various asylum applications filed in the United Kingdom, Italy, Switzerland, and France. (Dkt. #1, 3).[1] The Court directs Plaintiff to file an amended complaint on or before **January 3, 2025**.

## STANDARD OF REVIEW

The Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471,

---

[1]    Plaintiff filed a complaint on September 29, 2024, and then, without leave of this Court, filed an amended complaint on October 7, 2024. (Dkt. #1, 3). The Court has considered the two filings as one consolidated complaint. Plaintiff is hereby cautioned that in the future, any subsequent filing will supplant, not supplement, the earlier filed document.

474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *Triestman*, 470 F.3d at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short, plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim is plausible.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor.  *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions.  *Id.* at 678. (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint."  *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff's allegations do not indicate that he is entitled to relief, largely because it is not clear what happened.  For example, Plaintiff requests that New York City "expedite processing Claim ($37,972 + $362 per day until employment changes)" but it is unclear on what basis Plaintiff is entitled to those sums.  (Dkt. #1 at 2).  Plaintiff also requests that New York City "allow tenants to opt-out of how water during non-freezing months" but that request is completely untethered to any of the facts presented in the complaint.  (*Id.* at 1-2).  Plaintiff further requests that New York State "dissolve temporary measures put into place by the original New York State Constitution that have run on for over 240 years" and that the United States of America "effect something better than an emergency measure born out of bewilderment and desperation in an attempt to assuage people's ineptitude."  (*Id.* at 2).  The Court is unable to discern a plausible claim from those recitations, even as it attempts to "interpret them to raise the strongest [claims] that they *suggest*." *Triestman*, 470 F.3d at 474-75 (internal quotation marks and citations omitted).

Further, Plaintiff seeks relief that this Court does not have the ability to grant.  For example, Plaintiff asks the Court to require foreign governments to "provide reasonable accommodation ... in citizenship and residency" to Plaintiff.  (Dkt. #1 at 2-3).

Plaintiff is granted leave to amend his complaint to detail his claims.  In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim

against each defendant.  If Plaintiff has an address for any named defendant, Plaintiff must provide it.  Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief.  That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.  Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit on or before **January 3, 2025**, caption the document as an "Amended Complaint," and label the document with docket number 24 Civ. 7441 (KPF).  An Amended Complaint form is attached to this order.  No summons will issue at this time.  If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

4

The Court directs the Clerk of Court to mail a copy of this order to

Plaintiff.

SO ORDERED.

Dated:    October 28, 2024
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*


         -against-


_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

____ Civ. _____ ( ____ )


**AMENDED COMPLAINT**


Jury Trial:   ☐ Yes      ☐ No
                    (check one)


**I.      Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.


Plaintiff       Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____


B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

Defendant No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur?  _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur?  _____
_____
_____

C.    Facts:  _____
_____
_____
_____
_____

| What happened to you? |

_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____
_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

> Signature of Plaintiff      _____

> Mailing Address      _____

> _____

> _____

> Telephone Number      _____

> Fax Number *(if you have one)*      _____

<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

> Signature of Plaintiff:      _____

> Inmate Number      _____